CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 27, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY K. OFORI, | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00667 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DAVID W. ZOOK, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Terry K. Ofori, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C.
§ 1983. This case was opened when it was severed from an amended complaint filed by Ofori in
Case No. 7:23-cv-249. (Compl., Dkt. No. 1, Dkt. No. 1-4.) Ofori subsequently filed an amended
complaint on September 26, 2024. (Am. Compl., Dkt. No. 29.) Ofori alleges claims for
retaliation and deliberate indifference occurring in 2020 and 2021 at Wallens Ridge State Prison.

Before the court are motions for summary judgment filed by defendants Anderson, D.J.
Brown, J.W. Carico, M.L. Daniel, J. Gilbert, M.W. Gilley, J. Huff, King, B. McCray, J. Mosley,
S. Stallard, David W. Zook, and Z. Osborne. (Dkt. Nos. 69, 76.)[1] Plaintiff has responded to
these motions. (Dkt. No. 78.) These motions will be granted based on the argument in both
motions that plaintiff's claims are barred by the applicable statute of limitations.

I. BACKGROUND

The allegations in this case relate to Ofori's claims of retaliation and deliberate
indifference against Ofori by officials at Wallens Ridge. The amended complaint recounts
actions beginning in March of 2020 and continuing through the rest of 2020. (Am. Compl. ¶¶ 5–
18.) The latest date mentioned in the amended complaint is March 22, 2021. (*Id.* ¶ 18.) The

---

[1] One defendant, Mr. D. Britter, has not been served, but plaintiff asks that the claims against him be
dismissed without prejudice. (Dkt. No. 62.)

amended complaint that was severed resulting in this case being opened was filed on July 28, 2023.  (Case No. 7:23-cv-249, Dkt. No. 11.)  The complaint that opened the '249 case was filed on April 28, 2023, which was the date he signed the complaint.  (*Id.* Dkt. No. 1.)

## II.  ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In evaluating a summary judgment motion, a court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant."  *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).  The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in the pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate the existence of specific, material facts that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Id.* at 248.

### B.  Statute of Limitations

Section 1983 does not contain an explicit statute of limitations but borrows from the forum state's personal injury statute of limitations.  *Davis v. Eaton*, Civil Action No.

2

7:23cv00744, 2025 WL 3140806, at *3 (W.D. Va. Nov. 10, 2025) (citing *Owens v. Okure*, 488 U.S. 235, 251 (1989)).  In Virginia, that statute is two years.  Va. Code § 8.01-243(A); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735 (4th Cir. 1991).  This action was filed well past the expiration of the limitations period for Ofori's claims.

March 22, 2021, is the last date Ofori mentions regarding allegations of retaliation and deliberate indifference against Wallens Ridge officials.  (Am. Compl. ¶18.)  The amended complaint that was severed resulting in this case being opened was filed on July 28, 2023 (Case No. 7:23-cv-249, Dkt. No. 11), and the complaint that opened the '249 case was filed on April 28, 2023 (*Id.* Dkt. No. 1) (deeming the complaint filed on the date Ofori signed it).  Thus, his claims are barred by the statute of limitations.

Ofori argues that the limitations period should be tolled by an action that he filed in 2021 in the Circuit Court for Wise County.  *See* Case No. CL21-1277.  That action was dismissed without prejudice by a nonsuit in 2023.  (Dkt. No. 78-1.)  *See Nichols v. Synchrony Bank*, Civil Action No. 7:22-cv-00565, 2023 WL 2474216, at *1 n.3 (W.D. Va. Mar. 13, 2023) (explaining that in Virginia a party may "suffer" its first nonsuit as a matter of right, without the approval of the court or the opposing party, resulting in the case being dismissed without prejudice) (citing Va. Code § 8.01-380).  However, none of the defendants in this case are defendants in the Wise County action.  The papers submitted by Ofori list David Zook in the caption of the Wise County case, but a search on Virginia Courts Case Information shows the defendants listed as Commonwealth of Virginia, Harold W. Clarke, and David A. Robinson. *See Green v. Wells Fargo Bank*, 927 F. Supp. 2d 244, 246 n.2 (D. Md. 2013) (noting that a federal district court may take judicial notice of documents from state court proceedings and other matters of public

record). Accordingly, the pendency of the Wise County case could not have tolled the limitations period for any of Ofori's claims against the defendants in this case.

For these reasons, there is no basis to toll the statute of limitations, and Ofori's claims are time-barred.

### III.  CONCLUSION

The court will issue an appropriate order granting defendants' motions for summary judgment.

Entered: March 27, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge

4